

OFFICE OF

**CLERK OF COURT**

EX-OFFICIO RECORDER AND NOTARY PUBLIC

PARISH OF TERREBONNE

HOUMA, LA 70361

I. ROBERT (*Bobby*) BOUDREAUX

CLERK

985

PHONE 504-868-5660

P. O. BOX 1569

STATE OF LOUISIANA

PARISH OF TERREBONNE

     I, the undersigned Deputy of Court of the Thirty-Second Judicial District Court of the State of Louisiana, in and for the Parish of Terrebonne, do hereby certify that the within and foregoing   306   pages contain a true and correct EXCERPT of the following pleadings, to-wit:

        PETITION FOR DAMAGES
        EXHIBITS A-C
        (5) TRANSMITTALS
        (7) OFFICE COPIES OF CITATIONS
        (2) ORIGINALS OF CITATIONS

all of which were taken from the record entitled, C.S. GAIDRY, INC., ET AL VS. UNION OIL COMPANY OF CALIFORNIA, ET AL

number 156157   of the Civil Docket of this said Court.

     I FURTHER CERTIFY that the said documents were copied by me and that the said copies were taken from the originals of same, all of which I am the official custodian.

     IN TESTIMONY WHEREOF, witness my hand and official seal, this  23rd day of  JANUARJY    , 2009, at Houma, Louisiana.

_____

DEPUTY CLERK OF COURT

32ND JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

DOCKET NO.                                                    DIV.

C.S. GAIDRY, INC., W.L. GAIDRY, LLC,
WANDA L. GAIDRY AND WILSON J. GAIDRY

156157

VERSUS

UNION OIL COMPANY OF CALIFORNIA; UNION EXPLORATION PARTNERS,
LTD; FOREST OIL CORPORATION; CHEVRON U.S.A., INC., HOWARD J. DION,
EARL PARFAIT, LEROY CHARLES, VINCENT TRAHAN

FILED: _____        _____
                                         DEPUTY CLERK OF COURT

PETITION FOR DAMAGES

Plaintiffs, C.S. Gaidry, Inc., W.L. Gaidry, LLC, Wanda L. Gaidry, and Wilson J. Gaidry,

respectfully petition this Honorable Court for a judgment finding defendants herein liable for

damages caused by defendants' oil and gas exploration and production and related activities that

substantially harmed plaintiff's land and legal interests. Upon information and belief, plaintiffs make

the following allegations:

1.

Plaintiffs are:

a.    C.S. Gaidry, Inc., a domestic corporation doing business in the State of Louisiana and
      domiciled at 8951 Park Avenue, Houma, LA, Terrebonne Parish, State of Louisiana;

b.    W.L. Gaidry, LLC, a domestic corporation doing business in the State of Louisiana
      and domiciled at 8951 Park Avenue, Houma, LA, Terrebonne Parish, State of
      Louisiana;;

c.    Wanda L. Gaidry, a person of legal age and domiciled in Terrebonne Parish, State of
      Louisiana; and

d.    Wilson J. Gaidry, a person of legal age and domiciled in Terrebonne Parish, State of
      Louisiana.

2.

Plaintiffs own, reside on and/or use the following described property located in Terrebonne

Parish, Louisiana in the Houma Field (hereinafter referred to as "plaintiffs' property"):

Sections 8, 21, 22, 23, 24, 96 and 98, T17S, R17E

This property has been contaminated or otherwise damaged by defendants' oil and gas

exploration and production activities.

3.

Plaintiffs are lessors, assignees, third-party beneficiaries, and/or successors in interest to certain oil, gas, and mineral leases between plaintiffs and defendants, or own property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants.

4.

Made defendants are the following parties:

a.    **UNION OIL COMPANY OF CALIFORNIA,** individually and as general partner to Union Exploration Partners, Ltd., a foreign business corporation whose Louisiana principal place of business is at 320 Somerulos Street, Baton Rouge, LA 70802-6129 and whose registered agent is Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA;

b.    **FOREST OIL CORPORATION,** a foreign business corporation whose Louisiana principal place of business is at 320 Somerulos Street, Baton Rouge, LA 70802-6129 and whose registered agent is Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA;

c.    **CHEVRON U.S.A., INC.,** a foreign business corporation, who is successor to **CENARD OIL & GAS,** whose principal place of business in Louisiana is 100 Northpark Blvd., Covington, LA and whose registered agent for service is The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA.

d.    **HOWARD J. DION,** an individual of the legal age of majority domiciled at 107 Corral Drive, Bourg, LA who was a field supervisor for Union Oil Company of California and/or Union Exploration Partners, Ltd. in the Houma Field.

e.    **EARL PARFAIT,** an individual of the legal age of majority domiciled at 1048 Bayou Blue By-Pass Road, Thibodaux, LA who was a field supervisor for Union Oil Company of California and/or Union Exploration Partners, Ltd. in the Houma Field..

f.    **LEROY CHARLES,** an individual of the legal age of majority domiciled at 9845 E. Park Avenue, Houma, LA who was a field supervisor for Union Oil Company of California and/or Union Exploration Partners, Ltd. in the Houma Field.

g.    **VINCENT TRAHAN,** an individual of the legal age of majority domiciled at 160 Loyola Street, Iota, LA who was a field supervisor for Forest Oil Corporation in the Houma Field.

5.

The property described in paragraph 1 above is believed to be contaminated by the oil and gas exploration and production activities conducted or controlled by defendants pursuant to certain oil, gas, and mineral leases. These activities include the operation or construction of various oil and gas facilities, including but not limited to pits, sumps, pipelines, flowlines, tank batteries, wellheads, and measuring facilities.

Specifically, defendants are liable as operators of the wells located on plaintiffs' property,

2

SCANNED
JAN 1 5 2009

as lessees or assignees of leases affecting plaintiffs' property, or both, as shown by:

    1)    the map attached hereto as Exhibit A shows the plaintiffs' property and the location,

           by symbol and serial number, of the wells located thereon; and

    2)    the Operator History, attached hereto as Exhibit B, which shows the well serial

           number, the well name, the operating company and dates of operation, and the

           current status of each well;

Moreover, the above described defendants are liable for contamination located on plaintiffs'

property as shown by the GEM Survey, attached hereto as Exhibit C, which shows in detail the

location of contamination on plaintiffs' property, overlaid on aerial photographs showing locations

of historical pits and other facilities on plaintiffs' property

In summary, the above information identified the wells at issue in this lawsuit by well serial

number, describes the location of these wells, the location and severity of the contamination on the

subject property, and the relationship of the defendants to the wells, the property, and the

contamination. Defendants and entities or individuals who are not parties to this lawsuit may be in

possession of documentation evidencing leases, assignments or joint operating agreements that are

not part of the public record. Further, additional discovery may reveal additional or more severe

contamination than is shown in the attached exhibits.

6.

Defendants conducted, directed, controlled or participated in various oil and gas exploration

and production activities as operators and/or working interest owners, and/or lessees, and/or joint

venturers, and or sublessees, in the Houma Field.

7.

Some or all of the named defendants operated or controlled, or had an interest as lessees,

assignees, or working interest owners, *etc.*, in the following wells and/or units located on or near

Plaintiffs' property. The operator history of these wells is summarized in Exhibit B.

8.

Since at least the 1930's the defendants have known that the disposal of oilfield wastes in

unlined earthen pits inevitably results in seepage, which contaminates both surface and subsurface

soils and waters. Plaintiffs have suffered damages resulting from the improper disposal of oilfield

wastes in unlined earthen pits, which were constructed by the defendants on or near the property

3


SCANNED
JAN 15 2009

during the course of oil and gas exploration and production activities. The oilfield wastes deposited in these pits include (but are not limited to) such substances as naturally occurring radioactive material ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. Also, leaks, spills, and other discharges of these substances from wells, pipelines, tank batteries, gas plants and other equipment have further polluted plaintiffs' property.

9.

NORM contains, *inter alia*, Radium$_{226}$ and Radium$_{228}$, which are very hazardous and toxic substances. Though these substances are "naturally occurring" at the depths from which oil and gas are produced, their presence on the surface can cause serious health related problems. Under Louisiana law, property contaminated with NORM cannot be transferred for unrestricted use.

10.

Produced water is a hazardous brew of various hydrocarbon compounds, metals, salt and radioactive substances. Studies of the chemical constituents of South Louisiana produced water have revealed that all produced water discharges contain excess amounts of salt (up to 193 parts per thousand salt or 19.3%), and also contain volatile hydrocarbon compounds (including benzene, toluene, xylene and ethyl benzene), Polynuclear Aromatic Hydrocarbons ("PAHs or semi-volatiles) (including naphthalene, fluorene and phenanthrene), toxic heavy metals (including chromium, lead, mercury, arsenic, barium and zinc) and radium$_{226}$ and radium$_{228}$. All of these substances bioaccumulate and are acutely toxic to aquatic organisms at varying concentrations. Some of these substances (such as benzene and radium$_{226}$) have long been identified as human carcinogens.

11.

Drilling fluids are also highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

12.

Other toxic and hazardous substances used by Defendants in their day to day exploration and production activities include mercury, lead based compounds, chromium based algicides, hydrochloric acid, caustic soda, and various corrosion inhibitors.

4

SCANNED
JAN 1 5 2009

13.

Defendants knew or should have known that their day to day operations in the Houma Field would cause the soil, surface waters and groundwater of plaintiffs' property to be contaminated with the substances described in paragraphs 8 through 12 above. Rather than remove these substances during and after oil and gas exploration and production activities, defendants chose to conceal and cover up this contamination. This concealment and cover up was routine practice and has continued to date. The defendants' failure to timely remove or remediate this toxic pollution in the soils and groundwater of plaintiffs' property has allowed the pollution to migrate and spread and has now permanently damaged the drinking water underlying the Houma Field.

14.

At no time did Defendants issue any warning to plaintiffs that their disposal and discharge activities were hazardous to persons and property. Instead, defendants actively concealed from plaintiffs the toxic and hazardous nature of the wastes they had deposited on plaintiffs' land.

15.

Defendants knew and failed to disclose to plaintiffs that these wastes would not degrade or break down in the environment in the foreseeable future and that their presence in the subsurface would constitute an ongoing and continuing source of pollution and environmental damage for generations.

16.

Due to defendants' efforts to actively conceal the toxic wastes that they deposited on plaintiffs' lands, plaintiffs were denied access to the knowledge and facts needed to bring the claims alleged herein. Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, groundwaters, and surface waters on or near plaintiffs' property, and yet failed to inform or warn plaintiffs concerning the extent, nature and cause of this pollution. Plaintiffs did not have actual or constructive knowledge of the pollution described herein until less than a year prior to the filing of this suit.

17.

Defendants' conduct constitutes negligence, which gives rise to liability under the provisions of La. Civ. Code art. 2315. Defendants knew or should have known that their conduct would cause property and other damages to plaintiffs. Defendants had a duty to protect plaintiffs and plaintiffs'

5

SCANNED
JAN 15 2009

property from the effects of the contamination and pollution described herein. Their violation of this duty proximately caused the damages described below. Further, as the defendants acquired knowledge that unlined pits would leak, and that the contamination left on plaintiffs' lands would continue to spread and migrate, defendants had the obligation to return to plaintiffs' lands to remediate the source or sources of the contamination, to stop the spread of the contamination, and to warn the plaintiffs that their land was contaminated. Defendants' actions violated their own company policies and industry practice and custom. Defendants' actions did not comply with the standards of conduct required in the leases and other contracts applicable to the subject property. Defendants that acquired other companies by merger, acquisition, or otherwise, or who assumed obligations under applicable leases or contacts, had a duty to remedy the past wrongs of their predecessors, assignors or sub-lessors. In addition, defendants assumed duties owed by others to the plaintiffs to protect plaintiffs its property from contamination and harm under the provisions of Sec. 324A of the Restatement 2d, as incorporated by Louisiana jurisprudence. Defendants' violation of the aforementioned duties and obligations to petitioner, and their tortious breach of the contracts at issue, proximately caused the damages described below. Defendants are also guilty of a continuing tort. Defendant's acts or omissions have caused successive damages or an ongoing and cumulatively increasing deterioration of plaintiffs' property.

18.

Defendants are strictly liable to plaintiffs under La. Civ. Code art. 667 for the damages caused by their storage, discharge, and disposal of toxic and hazardous oil field waste on or adjacent to plaintiffs' property. Furthermore, defendants are strictly liable to plaintiffs under the provisions of La. Civ. Code arts. 2317 and 2322. At all times pertinent hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein. Those defendants who participated in the above described oil and gas operations by the acquisition of working interests in these operations had sufficient control to constitute *garde* under the provisions of La. Civ. Code art. 2317. On information and belief, the Joint Operating Agreements that governed the conduct of the oil and gas activities of the Defendants show that the working interest owners who participated in such agreements had not only the right to control operations conducted pursuant to the agreements, but also held proportional ownership interests in the facilities and equipment which caused the pollution complained of herein. Such ownership gives rise to a presumption of *garde*.

SCANNED
JAN 1 5 2009

19.

Defendants' conduct of their oil and gas exploration and production activities and the associated discharge, disposal or storage of oil field waste on plaintiffs' property have created a continuing and ongoing and damaging nuisance to plaintiffs and plaintiffs' property. Further, the continued presence of oilfield wastes on the plaintiffs' lands constitutes a continuing trespass. The continuous and ongoing migration of this oil field waste is causing new and ever increasing damage to plaintiffs' property, and such damage will continue until such time as these wastes are removed and remediated.

20.

Defendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases that covered the oil and gas activities described above. Further, each defendant has breached those standards imposed by the Louisiana Mineral Code governing the conduct of prudent operators.

21.

Plaintiffs herein bring suit under the mineral and surface leases that apply to the property at issue in this case. To the extent that the law does not accord plaintiffs the right to sue as lessor, or as the assignor or successor of a lessor, under the mineral leases or surface leases, plaintiffs assert claims as third party beneficiaries for damages for breach of said mineral leases or surface leases. Defendants have a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2682, and 2692, to restore plaintiffs' property to its original condition. Defendants have failed to satisfy these obligations. Plaintiffs' property has been impacted by each defendant's use of said property under the applicable leases, and such property has not been restored to its original condition. For the breach of these oil, gas, mineral leases, and surface leases, the defendants are liable to plaintiffs for foreseeable and consequential damages occasioned by their failure to perform, as well as the cost of these proceedings and reasonable attorneys' fees to the extent such fees are allowed by contract or applicable law, such as La. R.S. 30:29.

22.

Some or all of the mineral leases at issue in this case have expired and are terminated; such leases are not being held by production or otherwise. Alternatively, if any such leases are being held by production, the remediation of contamination on the property subject to said leases would not

SCANNED
JAN 15 2009

interfere with, or have any effect on, any ongoing mineral operations. On information and belief, to the extent that any operations are ongoing, such operations are not in conformity with the prudent operator standard imposed by the Louisiana Mineral Code. Defendants have failed to maintain or restore leased properties that are the subject of leases that are still in effect. This failure constitutes an active breach of said leases. Further, upon information and belief, there are no leases at issue in this lawsuit that permit the lessee to postpone remediation of contaminated property until the end of the lease.

23.

Each defendant has also breached those standards imposed by the Louisiana Civil Code and the Louisiana Mineral Code governing the conduct of prudent operators. The lease provisions of the Louisiana Civil Code and the Louisiana Mineral Code require Defendants to use plaintiffs' property as a prudent administrator and to restore plaintiffs' property to its original condition. Defendants have failed to act as prudent administrators, have failed to restore plaintiffs' property to its original condition, and have failed to discharge their obligations under the Civil Code and the Mineral Code. As a result, plaintiffs have suffered damages and are entitled to all remedies allowed under the Civil Code and Mineral Code. Plaintiffs specifically allege that defendants have violated the express and implied obligations of surfaces leases that apply to the property subject to this suit. Defendants' violation of these surface leases have caused damage to plaintiffs. Under said surface leases, defendants have the obligation to maintain and restore the subject property. Plaintiffs did not obtain knowledge that defendants violated the surface leases at issue until less than one year prior to the filing of this suit.

24.

Defendants negligently and excessively used the property at issue during mineral operations. This negligent and excessive use violates the implied obligations of lessees under the provisions of the Louisiana Mineral Code, including without limitation, La. R.S. 31:122.

25.

Defendants' actions in knowingly disposing of toxic and hazardous materials onto plaintiffs' property, in failing to clean up said pollution and stop its further migration, in allowing the migration of this pollution to offsite properties, and in failing to properly maintain their facilities where these toxic and hazardous materials were transported, handled, stored and disposed of, constitute wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic

SCANNED
JAN 15 2009

substances. " Defendants are therefore liable to plaintiffs for punitive and exemplary damages pursuant to La. Civ. Code art. 2315.3.  At all times pertinent hereto, defendants had actual physical possession or control of the toxic and hazardous substances described above.  Plaintiffs' claims for punitive damages are limited to acts or omissions of the defendants (or their predecessors or successors) that occurred during the period of applicability of article 2315.3.

26.

Defendants' storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultra hazardous activity for which defendants are strictly liable.

27.

As a direct result of the above described acts and omissions of the defendants, plaintiffs have suffered damages to their property, mental anguish and distress, annoyance, discomfort and inconvenience occasioned by the nuisance created by defendants, diminution in the value of the property, and stigma damages.  Further, and in the alternative, the defendants have been unjustly enriched by their unauthorized use of plaintiffs' lands to store and dispose of toxic contamination.

28.

Due to the activities of defendants in polluting the soils and groundwater underlying the property of the plaintiffs, and the continuing trespass of defendants resulting from the continued presence of contaminants in said soils and groundwater, plaintiffs are entitled to a prohibitory and mandatory permanent injunction: (a) requiring that defendants remove the contamination they have caused to be deposited in the groundwater and soils underlying plaintiffs' lands, and (b) ordering the defendants to remove any contamination they have caused to be deposited in the groundwater and soils underlying the plaintiffs' lands.

29.

Further, for an undetermined length of time, the defendants have stored toxic pollution and waste in the groundwaters and soils underlying the plaintiffs' lands. Defendants have derived substantial economic benefits from this storage in that their use of the subsurface of the plaintiffs' lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, plaintiffs are entitled to the civil fruits derived from defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses."

9


SCANNED
JAN 15 2009

30.

For many years, defendants Howard Dion, Earl Parfait, Leroy Charles and Vincent Trahan served as supervisors of production for the operators who conducted production activities in the subject oil field. They directly and personally supervised the installation and use of pits, wells, pipelines, tank batteries, gas plants and other installations or equipment used in connection with production activities on the plaintiffs' property. They had personal knowledge of the activities of all defendants that caused or contributed to the pollution complained of herein. Further, in their supervisory capacity they had the authority to prevent or limit such activities. Dion, Parfait, Charles and Trahan knew that production, disposal, and discharge activities conducted on the subject property were hazardous to persons and property. Dion, Parfait, Charles and Trahan knew that disposal of oilfield wastes in unlined earthen pits or directly to waterways inevitably results in seepage which contaminates both surface and subsurface soils and waters. Despite their knowledge, Dion, Parfait, Charles and Trahan failed to warn petitioners concerning the nature and extent of the pollutants on their property. Dion, Parfait, Charles and Trahan have a personal duty to protect the plaintiffs and their property, and they breached that duty, thereby causing the damages described in this petition. To the extent that Dion, Parfait, Charles and Trahan delegated their personal duties to a subordinate, this delegation of responsibility was itself negligent.

31.

Plaintiffs are entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of their property.

32.

In summary, plaintiffs have stated causes of action in tort and separate causes of action for breach of contract under the Mineral Code and Civil Code, and for breach of implied obligations under the Mineral Code and Civil Code, and are entitled to the following damages:

    a.    Sufficient funds to conduct a complete scientific analysis of the extent and nature of the contamination on their property associated with defendants' operation of waste pits, tank batteries, production and/or injection wells, pipelines, and other oil and gas related facilities and equipment;

    b.    The cost to restore the property to its pre-polluted original condition;

    c.    Punitive or exemplary damages;


SCANNED
JAN 1 5 2009

d.  An award of damages for defendants' unauthorized use of plaintiffs' land to store and dispose of their wastes without consent or compensation to plaintiffs from time of placement to time of final removal;

e.  An award of stigma damages for diminution in property value before, during and after restoration;

f.  Mental anguish and distress damages;

g.  Any civil fruits derived from defendants' illegal trespass;

h.  Damages for annoyance, discomfort and inconvenience occasioned by the nuisance created by defendants, including loss of full use and enjoyment of plaintiffs' property; and

i.  Specifically reserving any rights plaintiffs may have to claim that Act 312 of 2006 is unconstitutional, attorneys' fees and expenses under La. R.S. 30:29.

33.

Plaintiffs affirmatively allege that damages awarded by the court for remediation will be used to clean up the above described contamination. Specifically reserving any rights plaintiffs may have to claim that Act 312 of 2006 is either unconstitutional or unconstitutional as applied, plaintiffs show that under La. R.S. 30:29 (enacted by Act 312), the judgment funds awarded to plaintiffs for remediation must be used, to the extent necessary, for the purpose of funding the most feasible plan adopted by the Court under the provisions of Act 312. Further, there is a valid reason to believe that any restoration award made by the court or the jury will be used to clean up the property. Plaintiffs are entitled to sufficient damages to restore its property as near as possible to its original condition. Plaintiffs have personal reasons for wishing to commit all sums awarded for remediation to clean up the affected property. However, even after the most feasible remediation possible is carried out, plaintiffs' property will nonetheless remain stigmatized. Further, to the extent plaintiffs' land is in close proximity to defendants' pollution, this land has been stigmatized by the acts of the defendants. Plaintiffs affirmatively claim damages arising out of groundwater contamination on the property. Plaintiffs claim that it is entitled to restoration of any aquifers damaged by the pollution alleged herein.

34.

Plaintiffs make no claim under the Environmental Quality Act, La. Rev. Stat. 30:2001 et seq, which is inapplicable to Plaintiffs' claims asserted herein. Plaintiffs assert only those private causes of action accorded to it under the Louisiana Constitution and laws of the State of Louisiana. Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action

11


SCANNED
JAN 1 5 2009

arising under federal law, and assert no such claims herein. To the extent any state law claims are preempted by federal law (either expressly or impliedly), such claims are not alleged herein. Plaintiffs herein expressly do not pursue any defendants or claims that have been discharged in bankruptcy, and if a party or parties has or intends to file for bankruptcy concerning any of the claims alleged herein, it is the express intention of plaintiffs not to pursue those claims or party or parties in this action, even if such party or parties have been inadvertently named as a defendant above.

35.

The provisions of Act 312 of 2006 apply to this action, and notice will be furnished to the Attorney General and to Louisiana Department of Natural Resources pursuant thereto. In accordance with Act 312, plaintiffs herein affirmatively make judicial demand against defendants for the recovery of damages for the evaluation, cleanup, and remediation of any contamination or pollution that impacts or threatens to impact groundwater, regardless of classification or depth and whether useable or unusable. Further, plaintiffs assert that they have the right of action under La. R.S. 30:29 to seek cleanup of all of the environmental damage associated with their property, regardless of whether or not the source of said environmental damage is located on or off their property. Further, La. R.S. 30:29 contemplates that the feasible plan for remediation encompass all of the various plumes of contamination on their property, regardless of whether such plumes have migrated off of their property.

36.

Defendants are liable to plaintiffs under the provisions of article 11 of the Mineral Code. Under article 11 of the mineral code, the plaintiffs as surface owners and defendants as owners of a mineral right (mineral lease) must exercise their respective rights with reasonable regard for those of the other. Defendants' failure to maintain and remediate the property at issue constitutes a violation of the provisions of article 11 of the mineral code. Defendants are strictly liable to plaintiffs under the provisions of article 11. Plaintiffs also allege that they are third party beneficiaries of the mineral and surface leases sued upon herein, and have the right to sue defendants for damages for violation of the express or implied obligations of the mineral or surface leases.

37.

All defendants are joint tortfeasors and are liable to plaintiffs *in solido*.

12

SCANNED
JAN 15 2009

WHEREFORE, plaintiffs pray that the defendants be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

1. Awarding plaintiffs compensatory damages in an amount to be proven at trial, including payment of the costs to restore lands with identified pollution to its original unpolluted state, unjust enrichment damages for the unauthorized disposal of waste on plaintiffs' property without landowner's consent, civil fruits resulting from defendants' illegal and bad faith trespass on plaintiffs' lands, and other property damages, as well as damages for mental anguish and distress, annoyance, embarrassment and inconvenience;

2. Awarding plaintiffs punitive damages;

3. Ordering defendants to pay plaintiffs sufficient funds so that plaintiffs may conduct a comprehensive and expedited environmental assessment of plaintiffs' land to identify all hidden or not yet identified pollution;

4. Awarding plaintiffs all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid; and further awarding plaintiffs judicial interest on all contract claims from the date of breach;

5. Awarding plaintiffs stigma damages for diminution in property value before and after restoration;

6. Ordering a mandatory and prohibitory injunction to restore plaintiffs' property to its precontaminated condition and to prevent the migration and spread of toxic and hazardous substances onto plaintiffs' property;

7. For all just and equitable relief;

8. For all damages as are reasonable in the premises.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
Post Office Box 759
Gonzales, LA 70707-0759
Telephone: (225) 644-7777
Fax: (225) 644-5226

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
John S. DuPont, III, Bar #26271
Brian T. Carmouche, Bar #30430

FILED
DEC 29 2008
Parish of Terrebonne, LA

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. JAN 2 3 2009 , 20
BY
Deputy Clerk of Court

SCANNED
JAN 15 2009

**SEE NEXT PAGE FOR SERVICE INFORMATION**

13

**PLEASE SERVE:**

**UNION OIL COMPANY OF CALIFORNIA,**
through their registered agent for service:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA

**FOREST OIL CORPORATION**
through their registered agent for service:
Corporation Service Company
320 Somerulos Street, Baton Rouge, LA;

**CHEVRON USA, INC.**
through their registered agent for service:
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA 70802

**HOWARD J. DION**
107 Corral Drive
Bourg, LA.

**EARL PARFAIT**
1048 Bayou Blue By-Pass Road
Thibodaux, LA.

**LEROY CHARLES**
9845 E. Park Avenue
Houma, LA.

**VINCENT TRAHAN**
160 Loyola Street
Iota, LA

FILED
DEC 29 2008
Deputy Clerk of Court
Parish of Terrebonne, LA

SCANNED
JAN 15 2009

14

32ND JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

## STATE OF LOUISIANA

DOCKET NO.                                                          DIV.

C.S. GAIDRY, INC., W.L. GAIDRY, LLC,
WANDA L. GAIDRY AND WILSON J. GAIDRY

*156157*

VERSUS

UNION OIL COMPANY OF CALIFORNIA; UNION EXPLORATION PARTNERS,
LTD; FOREST OIL CORPORATION; CHEVRON U.S.A., INC., HOWARD J. DION,
EARL PARFAIT, LEROY CHARLES, VINCENT TRAHAN

FILED: _____          _____
                                        DEPUTY CLERK OF COURT

### REQUEST FOR NOTICE

CLERK OF COURT
PARISH OF TERREBONNE

Please be advised that undersigned counsel will represent C.S. Gaidry, Inc., W.L. Gaidry,

LLC, Wanda L. Gaidry, and Wilson J. Gaidry, plaintiffs herein, who hereby requests written notice

to be mailed to him by the Clerk, by certified mail, properly stamped and addressed, at least ten (10)

days before the date fixed for the trial on the merits hereof, or any hearing on any other matter herein,

all in accordance with Civil Code of Procedure Article 1572.

It is further requested that the undersigned be sent notice of the rendition and signing of all

final judgments and interlocutory orders or judgments pursuant to Code of Civil Procedure Article

1913 and 1914.

You are further requested to file this written request in the record of this action, and certify

to such on the enclosed copy hereof and return to undersigned.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
Post Office Box 759
Gonzales, LA 70707-0759
Tele.: (225) 644-7777
Fax: (225) 644-5226

_____
Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
John S. DuPont, III, Bar #26271
Brian T. Carmouche, Bar #30430



156157

FILED
DEC 29 2008
Deputy Clerk of Court
Parish of Terrebonne, LA

SCANNED
JAN 1 5 2009

EXHIBIT
A

**Well History**
**Lands of C.S. Gaidry et al**
**Sections 8, 21, 22, 23, 24, 96 and 98**
**T17S, R17E**
**Houma Field**
**Terrebonne Parish, LA**

156157

FILED

DEC 2 9 2008

~~Ramie A. Hebert~~
Deputy Clerk of Court
Parish of Terrebonne, LA

This History is compiled from information in the Records of the Louisiana Department of Natural
Resources, Office of Conservation, as of September 15, 2008.

Prepared For: Talbot, Carmouche and Marcello

Prepared By: Charlie M. Beckett, Jr.

EXHIBIT
**B**

Gaidry Operator History 00001
SCANNED
JAN 15 2009

# Table of Contents

1.    List of Operators

2.    History of Wells

Galdry Operator History 00002

SCANNED
JAN 1 5 2009

## Operator List

1.  Terrebonne Gas Company
    Houma, LA

2.  Union Oil Company of California
    800 Prudential Building
    Houston 25, TX

3.  Union Exploration Partners, Ltd
    P.O. Box 7096
    Houma, LA 70361

4.  Forest Oil Corporation
    1600 Broadway, Suite 2200
    Denver, CO 80202

5.  Kilroy Company of Texas, Inc.
    1900 First City National Bank Building
    Houston, TX 77002

6.  Cenard Oil & Gas
    922 Americana Building
    Houston, TX 77002

SCANNED
MAR 1 6 2009

## LDNR Serial Number 11212

### Current Status: Dry and Abandoned

Permit #:        None in File
Permit Date:    9/5/1927
Operator:        Terrebonne Gas Company
                 Houma, LA
Well Name:     Pan Am Life Ins # 2  # 1
Location:        N 88 deg 47 min W, 15.48 chains from NE/C Lot 2, Section 8, T17S, R17E
Spud: 9/14/1927        Comp: 11/28/1927
Dry and Abandoned

SCANNED
JAN 15 2009

Location Plat



DEPARTMENT OF CONSERVATION
STATE OF LOUISIANA

Application for Permit to Drill, Deepen, Abandon, or Plug and Perforate

Serial No. 11212

(1) Date 9/5 1927

NOTICE—To drill, deepen, abandon or perforate a well in Louisiana without first securing a written permit is an infraction of the law and subject to prosecution

(2) Parish TERREBONNE

(3) Farm GAIDRY          Well No. 1

(4) Sec 8       T/17S R 17 E

(5) Land Owner GAIDRY (MRS CLARA)

(6) Owner of Well TERREBONNE GAS & OIL Inc

(7) Address HOUMA, LA.

(8) Permit to DRILL
Drill, Deepen, Abandon, Plug and Perforate

(9) Oil, Gas or Test Well TEST WELL

(10) Location of Well in feet from some corner in the Section N8E 47 W15.49 Chains from NE Corner of Lot 2 of Sec 8 T 17 S R 17E

(11) Sand Permit to TERREBONNE GAS &
Name
HOUMA, LA.
Address

### Operator History of LDNR Serial Number 28965

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 9/24/1927 | Terrebonne Gas | Permitted | |
| 9/14/1927 | Terrebonne Gas | Drilling | |
| 11/28/1927 | Terrebonne Gas | Dry and Abandoned | |

Gaidry Operator History 00006

SCANNED
JAN 15 2009

## LDNR Serial Number 29590

### Current Status: Plugged and Abandoned

Permit #:    None in File
Permit Date:    7/31/1944
Operator:    Union Oil Company of California
        P.O. Box 7096
        Houma, LA 70361
Well Name:    Gaidry # 1
Location:    From SE/C of Section 22, T17S, R17E, thence N 37 deg E 1500', thence N 53 deg W
        300' to location
Spud: 8/27/1944      Comp: 5/13/1945
Gas Well: 3324 MCFGPD + 24 BCPD from Perfs 10,290-98'

### Recompleted: 10/19/1951

Gas Well: 4000 MCFGPD + 28 BCPD from Perfs 10,078-84'

### Renamed: 2/23/1962

Gaidry SUA; C. S. Gaidry # 1-1

### Temporarily Abandoned: 11/16/1969

### Recompleted: 9/30/1971

Unsuccessful: Perfs 10,308- 18'

### Recompleted: 10/18/1971

Gas Well: 1550 MCFGPD + 4 BCPD from Perfs 10,176-184'

### Renamed: 7/20/1973

Gaidry RA SUA; Gaidry # 1-1

### Recompleted: 11/3/1975

Gas Well: 3000 MCFGPD + 24 BCPD from Perfs 8727 -- 37'

### Renamed: 11/14/1975

VUA; Gaidry # 1-1

### Renamed: 4/10/1979

8700 RB SUA; Gaidry # 1-1

### Renamed: 11/14/1980

VUA; Gaidry # 1-1

### Operator Changed: 3/10/1986

Union Exploration Partners, Ltd
P.O. Box 7096
Houma, LA 70361

### Plugged and Abandoned: 5/7/1987

SCANNED
JAN 1 5 2009

**Location Plat**



MAP SHOWING
SURVEY OF WELL LOCATION BEING
GAIDRY NO. 1
N 37°E 1500' & N 53° W 300' FROM S.E. CORNER
OF SECTION 22, T 17 S - R 17 E
JULY 19 1944       HOUMA L.A.
OFFICE OF T. BAKER SMITH, C.E.
APPROVED. T. Baker Smith
REGISTERED IN ACCORDANCE WITH L.A. LAW.  No. 51.
SCALE 1"=500'
FOR UNION OIL CO. OF CALIFORNIA

# 29590

Gaidry Operator History 00008
SCANNED
JAN 15 2009

**Operator History of LDNR Serial Number 29590**

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 7/31/1944 | Union Oil Company | Permitted | |
| 8/27/1944 | Union Oil Company | Drilling | |
| 5/13/1945 | Union Oil Company | Producing Gas Well | 3324 MCFGPD + 24 BCPD from Perfs 10,290-98' |
| 11/16/1969 | Union Oil Company | Temporarily Abandoned | |
| 10/18/1971 | Union Oil Company | Producing Gas Well | 1550 MCFGPD + 4 BCPD from Perfs 10,176-184' |
| 3/10/1986 | Union Exploration Partners | Producing Gas Well | |
| 5/7/1987 | Union Exploration Partners | Plugged and Abandoned | |

Gaidry Operator History 00009

SCANNED

JAN 15 2009

**LDNR Serial Number 35299**

**Current Status:  Plugged and Abandoned**

Permit #:       None in File
Permit Date:  4/5/1949
Operator:       Union Oil Company of California
                     P.O. Box 7096
                     Houma, LA 70361
Well Name:    Clara S. Gaidry # 2
Location:       From NE/C of Section 23, T17S, R17E, thence S 37 deg 13 min W 2643.3', thence S 52
                     deg 47 min W 535' to location in Section 24, T17S, R17E
Spud: 5/9/1948            Comp:  8/5/1948
Gas Well: 2675 MCFGPD + 97 BCPD from Perfs 10,178-93'

**Recompleted: 3/9/1962**

Gas Well:  4200 MCFGPD + 29 BCPD from Perfs 10,117-33'

**Operator Changed: 3/10/1986**

Union Exploration Partners, Ltd
P.O. Box 7096
Houma, LA 70361

**Renamed: 5/13/1988**

C.S. Gaidry # 4-1

**Operator Changed:  5/2/1992**

Union Oil Company of Calfornia
P.O. Box 51388
Lafayette, LA 70505

**Renamed: 10//13/1992**

TX W1 SD RA SUA; C.S. Gaidry # 4-1

**Recompleted and Renamed: 7/23/1994**

Gas Well: 945 MCFGPD from Perfs 9998 – 10,013'

C.S. Gaidry # 4-1

**Operator Changed:  10/30/2003**

Forest Oil Corporation
1600 Broadway, Suite 2200
Denver, CO 80202

**Plugged and Abandoned: 11/2/2007**

Gaidry Operator History 00010

SCANNED
JAN 15 2009

**Location Plat**



MAP SHOWING
SURVEY OF LOCATION OF
UNION OIL CO. OF CALIFORNIA-CLARA S. GAIDRY
WELL NO.2 AFTER COMPLETION
BEING S.37°13'W 2643.3' AND S.52°47'E 535'
FROM N.E. COR. OF SEC. 23, T.17 S-R.17 E
SEPTEMBER 4 1948  HOUMA, LA.
APPROVED
Registered in accordance with La. Law License No. 865
SCALE OF FEET

#035299

Gaidry Operator History 00011

SCANNED
MAR 1 5 2009

**Operator History of LDNR Serial Number 35299**

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 4/5/1948 | Union Oil Company | Permitted | |
| 5/9/1948 | Union Oil Company | Drilling | |
| 8/5/1948 | Union Oil Company | Producing Gas Well | 2675 MCFGPD + 97 BCPD from Perf's 10,178-93' |
| 3/10/1986 | Union Exploration Partners | Producing Gas Well | |
| 5/2/1992 | Union Oil Company | Producing Gas Well | |
| 10/30/2003 | Forest Oil Corporation | Producing Gas Well | |
| 11/2/2007 | Forest Oil Corporation | Plugged and Abandoned | |

SCANNED
JAN 1 5 2009

**LDNR Serial Number 52322**

**Current Status:  Permitted; Never Drilled**

Permit #:      None in File
Permit Date:   5/18/1954
Operator:      Union Oil Company of California
               800 Prudential Building
               Houston 25, TX
Well Name:     Clara S. Gaidry # 1-H
Location:      From SE/C of Section 23, T17S, R17E, thence N 53 deg W 660', thence S 37 deg W
               175' to location [in Section 96, T17S, R17E]

SCANNED
JAN 15 2009

**Location Plat**



52322

MAP SHOWING
LOCATION OF THE UNION OIL COMPANY OF
CALIFORNIA'S GAIDRY NO.1-H WELL LOCATED
N 53°00'W, 660.0' AND S 37°00'W, 175.0' OF
THE S.E. CORNER OF SEC. 96, T.17 S.-R.17E.
TERREBONNE PARISH, LA.

HOUMA, LA.                                          MAY 5,1954
SCALE OF FEET

APPROVED: _____ C.E.
Registered in accordance with La. Law C.E. No 81

Gaidry Operator History 00014
SCANNED
JAN 1 5 2009

**Operator History of LDNR Serial Number 52322**

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 5/18/1954 | Union Oil Company | Permitted | Never Drilled |

SCANNED
JAN 1 5 2009

<u>LDNR Serial Number 65653</u>

**Current Status: Plugged and Abandoned**

Permit #:       None in File
Permit Date:    4/9/1957
Operator:       Union Oil Company of California
                800 Prudential Building
                Houston 25, TX
Well Name:      Clara S. Gaidry Unit H-1
Location:       From SW/C of Section 23, T17S, R17E, thence N 37 deg E 1100', thence S 54 deg 4 min
                W 463' to location [in Section 21, T17S, R17E]
Spud: 4/26/1957      Comp: 8/14/1957
Gas Well: 5700 MCFGPD + 83 BCPD from Perfs 14302-24'

**Recompleted: 12/17/1957**

Gas Well: 5300 MCFGPD + 105 BCPD from Perfs 14303-24'

**Renamed: 7/30/1958**

14300 Unit 1 # 1

**Renamed: 2/1/1962**

14300 SUA; C.S. Gaidry # 3

**Operator Changed: 3/10/1986**

Union Exploration Partners, Ltd
P.O. Box 7096
Houma, LA 70361

**Plugged and Abandoned: 1/12/1988**

SCANNED
JAN 1 5 2009

Location Plat



MAP SHOWING
LOCATION OF THE UNION OIL COMPANY OF
CALIFORNIA'S CLARA S. GAIDRY UNIT H-1 WELL
LOCATED N37°E 1100' AND S53°04'E 463' FROM
THE S.W. CORNER OF SECTION 21 T17S-R17E
TERREBONNE PARISH, LA.

JANUARY 8,1957                                    HOUMA, LA.
OFFICE OF T. BAKER SMITH C.E.
SCALE OF FEET
2000   1000   0   1000   2000

APPROVED: _T. Baker Smith_ C.E.
Registered in accordance with La. Law License No.

#65653

Gaidry Operator History 00017
SCANNED
JAN 1 5 2009

**Operator History of LDNR Serial Number 65653**

| Date | Operator | Well Status | Notes |
|---|---|---|---|
| 4/9/1957 | Union Oil Company | Permitted | |
| 4/26/1957 | Union Oil Company | Drilling | |
| 8/14/1957 | Union Oil Company | Producing Gas Well | 5700 MCFGPD + 83 BCPD from Perfs 14302-24' |
| 3/10/1986 | Union Exploration Partners | Producing Gas Well | |
| 1/12/1988 | Union Exploration Partners | Plugged and Abandoned | |

SCANNED
JAN 1 5 2009

<u>LDNR Serial Number 141245</u>

**Current Status: Dry and Abandoned**

Permit #:        125212
Permit Date:     10/24/1972
Operator:        Union Oil Company of California
                 800 Prudential Building
                 Houston 25, TX
Well Name:       C.S. Gaidry # 4
Location:        From NE/C of Section 8, T17S, R17E, thence N 83 deg 45 min W 4323.78', thence S 6
                 deg 15 min W 128.42' to surface location
Spud: 11/2/1972      Comp: 11/26/1972
Dry and Abandoned

SCANNED
JAN 15 2009

**Location Plat**



UNION OIL CO. OF CALIFORNIA - C.S. GAIDRY
WELL NO. 4 BEING N 83°45'W - 4,323.78'
THENCE S 6°15'W - 128.42'. FROM THE NORTH-
EAST CORNER OF SECTION 8, T17S-R17E TO
THE SURFACE LOCATION THENCE S 85°58'56"W
2,084.60' TO THE BOTTOM HOLE LOCATION IN
SECTION 8, T17S-R17E, TERREBONNE PARISH, LA.

T. BAKER SMITH & SON, INC.
CIVIL & CONSULTING ENGINEERS
HOUMA, LOUISIANA
OCTOBER 6, 1972

APPROVED _Charles M. Camp_

STATE OF LOUISIANA
CHARLES M. CAMP
REG. No. 339
REGISTERED
LAND SURVEYOR

GRAPHIC SCALE
1000'  500'  0      1000'    2000'

Gaidry Operator History 00020
SCANNED
JAN 15 2009

**Operator History of LDNR Serial Number 141245**

| Date | Operator | Well Status | Notes |
|---|---|---|---|
| 10/24/1972 | Union Oil Company | Permitted | |
| 11/2/1972 | Union Oil Company | Drilling | |
| 11/26/1972 | Union Oil Company | Dry and Abandoned | |

Gaidry Operator History 00021

SCANNED
JAN 1 5 2009

## LDNR Serial Number 162285

### Current Status: Permitted; Never Drilled

Permit #:        146488
Permit Date:     12/18/1978
Operator:        Union Oil Company of California
                 800 Prudential Building
                 Houston 25, TX
Well Name:       C. S. Gaidry # 5
Location:        From SE/C of Section 23, T17S, R17E, thence N 53 deg 4 min W 2310.96', thence S 36
                 deg 56 min W 356.9' to location [in Section 96, T17S, R17E]

### Renamed: 4/24/1979

8700 RB SUD; C.S. Gaidry # 5

Gaidry Operator History 00022

SCANNED
JAN 1 5 2009

**Location Plat**



UNION OIL COMPANY OF CALIFORNIA
8700' RB SUD ; ———— C.S. GAIDRY
WELL NO. 5 LOCATED N53°04'00"W−2310.98'.
THENCE S36°56'00"W−356.90' FROM THE CORNER
COMMON TO SECTIONS 8, 23, & 98, T17S−R17E,.
TERREBONNE PARISH, LOUISIANA.

T. BAKER SMITH & SON INC
CIVIL ENGINEERS − LAND SURVEYORS
HOUMA, LOUISIANA
DECEMBER 13, 1979
REVISED; APRIL 17, 1979

APPROVED: *Morris P. Hebert*

STATE OF LOUISIANA
MORRIS P. HEBERT
REG. No. 4348
REGISTERED
LAND SURVEYOR

SCALE IN FEET

1000' 500' 0     1000'     2000'     3000'     4000'    **5403**

Gaidry Operator History 00023

SCANNED
MAR 1 6 2005

Operator History of LDNR Serial Number 162285

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 12/18/1978 | Union Oil Company | Permitted | Never Drilled |

Gaidry Operator History 00024

SCANNED
JAN 1 5 2009

### LDNR Serial Number 167602

### Current Status:  Plugged and Abandoned

Permit #:        151922
Permit Date:   2/27/1980
Operator:        Union Oil Company of California
                      P.O. Box 7096
                      Houma, LA 70361
Well Name:    8700 RB SUD; C. S. Gaidry # 5
Location:        From SE/C of Section 23, T17S, R17E, thence N 53 deg 4 min W 2310.96', thence S 36
                      deg 56 min W 356.9' to location [in Section 96, T17S, R17E]
Spud: 2/29/1980      Comp: 4/16/1980
Gas Well: 2250 MCFGPD + 15 BCPD from Perfs 8776-91'

### Operator Changed:  3/10/1986

Union Exploration Partners, Ltd
P.O. Box 7096
Houma, LA 70361

### Plugged and Abandoned:  1/22/1988

Gaidry Operator History 00025

SCANNED
JAN 15 2009

Location Plat



UNION OIL COMPANY OF CALIFORNIA
8700' RB SU D ; C.S. GAIDRY WELL NO. 5
WELL NO. 5 LOCATED N53°04'00"W - 2310.98'
THENCE S36°56'00"W - 356.90' FROM THE CORNER
COMMON TO SECTIONS 8, 23, & 98, T17S-R17E,
TERREBONNE PARISH, LOUISIANA.

T BAKER SMITH & SON INC.
CIVIL ENGINEERS - LAND SURVEYORS
HOUMA, LOUISIANA
DECEMBER 15, 1978
REVISED: APRIL 17, 1979, FEBRUARY 25, 1980

APPROVED: _Charles M. Camp_

SCALE IN FEET   16760'
1000' 500'  0      1000'     2000'     3000'     4000'

5403

Gaidry Operator History 00026

SCANNED
JAN 15 2009

**Operator History of LDNR Serial Number 167602**

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 2/27/1980 | Union Oil Company | Permitted | |
| 2/29/1980 | Union Oil Company | Drilling | |
| 4/16/1980 | Union Oil Company | Producing Gas Well | 2250 MCFGPD + 15 BCPD from Perfs 8776-91' |
| 3/10/1986 | Union Exploration Partners | Producing Gas Well | |
| 1/22/1988 | Union Exploration Partners | Plugged and Abandoned | |

SCANNED
JAN 15 2009

LDNR Serial Number 170625

**Current Status: Plugged and Abandoned**

Permit #:       155082
Permit Date:    8/22/1980
Operator:       Union Oil Company of California
                P.O. Box 7096
                Houma, LA 70361
Well Name:      8700 RB SUA; C. S. Gaidry # 6
Location:       From SE/C of Section 22, T17S, R17E, thence N 37 deg E 1379.63', thence N 3
                deg W 63.31' to location
Spud: 8/25/1980      Comp: 9/25/1980
Gas Well: 1900 MCFGPD + 15 BCPD from Perfs 8726-40'

**Operator Changed: 3/10/1986**

Union Exploration Partners, Ltd
P.O. Box 7096
Houma, LA 70361

**Plugged and Abandoned: 11/5/1987**

Gaidry Operator History 00031
SCANNED
JAN 15 2009

**Location Plat**



**UNION OIL COMPANY of CALIFORNIA**

8700' RB SU A – C.S. GAIDRY WELL NO. 6
LOCATED N37°00'00"E – 1,379.63 FEET;
THENCE, N53°00'00"W – 63.31 FEET FROM
THE LOWER BACK CORNER OF SECTION 22,
T17S–R17E, TERREBONNE PARISH, LOUISIANA

MORRIS P. HEBERT, INC.
REGISTERED LAND SURVEYOR
HOUMA, LOUISIANA

AUGUST 14, 1980

APPROVED Morris P. Hebert
MORRIS P. HEBERT, LA. REG. NO. 4348

GRAPHIC SCALE
1,000'   500'   0   1,000'   2,000'

STATE OF LOUISIANA
MORRIS P. HEBERT
REG. No. 4348
REGISTERED
LAND SURVEYOR

Gaidry Operator History 00032
SCANNED
MAR 15 2009

**Operator History of LDNR Serial Number 170625**

| Date | Operator | Well Status | Notes |
|---|---|---|---|
| 8/22/1980 | Union Oil Company | Permitted | |
| 8/25/1980 | Union Oil Company | Drilling | |
| 9/25/1980 | Union Oil Company | Producing Gas Well | 1900 MCFGPD + 15 BCPD from Perfs 8726-40' |
| 3/10/1986 | Union Exploration Partners | Producing Gas Well | |
| 11/5/1987 | Union Exploration Partners | Plugged and Abandoned | |

Gaidry Operator History 00033

SCANNED

JAN 1 5 2009

<u>LDNR Serial Number 198450</u>

**Current Status: Dry and Abandoned**

Permit #:        185269
Permit Date:   3/6/1985
Operator:       Kilroy Company of Texas, Inc.
                     1900 First City National Bank Building
                     Houston, TX 77002
Well Name:    Clara S. Gaidry et al # 1
Location:       From SE/C of Section 22, T17S, R17E, thence N 36 deg 45 min 25 sec E 5662.76',
                     thence N 53 deg 14 min 35 sec W 82.97' to location
Spud: 5/13/1985      Comp: 6/8/1985
Dry and Abandoned

Gaidry Operator History 00034

SCANNED

JAN 1 5 2009

**Location Plat**



KILROY COMPANY OF TEXAS, CLARA S.
GAIDRY ET AL WELL NO. 1 (SURF)-LOCATED FROM
THE SOUTHEAST CORNER OF SECTION 22 PRO-
CEED N36°45'25"E-5,662.76' THENCE
N53°14'35"W-82.97'; BOTTOM HOLE LOCATION
BEING S43°22'31"E-1,293.00' FROM THE SURFACE
IN SEC. 22, T17S-R17E, TERREBONNE PH., LOUISIANA

T BAKER SMITH & SON, INC
CIVIL ENGINEERS - LAND SURVEYORS
HOUMA, LOUISIANA
FEBRUARY 5, 1985

APPROVED _Larry E. Manship_

LARRY E. MANSHIP
REG. No. 4466
REGISTERED
LAND SURVEYOR
STATE OF LOUISIANA

SCALE IN FEET
1,000'  500'  0    1,000'    2,000'    3,000'    4,000'

LOUISIANA COORDINATE SYSTEM (SOUTH ZONE)

1065-1

Gaidry Operator History 00035

SCANNED
JAN 1 5 2009

### Operator History of LDNR Serial Number 198450

| Date | Operator | Well Status | Notes |
|---|---|---|---|
| 3/6/1985 | Kilroy Company | Permitted | |
| 5/13/1985 | Kilroy Company | Drilling | |
| 6/8/1985 | Kilroy Company | Dry and Abandoned | |

Gaidry Operator History 00036
SCANNED
JAN 15 2009

## LDNR Serial Number 215439

### Current Status: Plugged and Abandoned

Permit #:      203759
Permit Date:   2/22/1993
Operator:      Union Oil Company of California
               P.O. Box 51388
               Lafayette, LA 70505
Well Name:     C. S. Gaidry # 8
Location:      538' FSL and 181' FEL Section 22, T17S, R17E
Spud: 3/4/1993        Comp: 4/4/1993
Gas Well: 1150 MCFGPD from Perfs 10148-60'

### Recompleted: 6/6/1995

Gas Well: 1641 MCFGPD + 3 BWPD from Perfs 9678-97'

### Recompleted: 3/24/1998

Gas Well: 1322 MCFGPD + 3 BCPD from Perfs 9526-38'

### Recompleted: 10/26/2000

Gas Well: 422 MCFGPD + 16 BWPD from Perfs 9596-9624'

### Operator Changed: 10/30/2003

Forest Oil Corporation
1600 Broadway, Suite 2200
Denver, CO 80202

### Plugged and Abandoned: 10/3/2005

SCANNED
MAN 1 5 2009

Location Plat



NOTE: THIS LOCATION IS NOT WITHIN 500 FEET OF AN OUTSIDE OWNED RESIDENCE OR COMMERCIAL STRUCTURE.

UNION OIL COMPANY OF CALIFORNIA

C.S. GAIDRY    WELL NO. 8, LOCATED
538' FROM THE REAR LINE & 181' FROM THE LOWER
OF SECTION 22, T17S–R17E,
TERREBONNE PARISH, LOUISIANA

| DRAWN BY: D.E.C. | MORRIS P. HEBERT, INC. | SHEET: 1 |
|---|---|---|
| SCALE:1" = 1,000' | LAND & HYDROGRAPHIC SURVEYORS | CAD FILE: 381800C |
| DATE: 2/5/93 | HOUMA, LOUISIANA | MAP FILE: |

Gaidry Operator History 00038

**Operator History of LDNR Serial Number 215439**

| Date | Operator | Well Status | Notes |
|---|---|---|---|
| 2/22/1993 | UnionOil . Company | Permitted | |
| 3/4/1993 | UnionOil Company | Drilling | |
| 4/4/1993 | UnionOil Company | Producing Gas Well | 1150 MCFGPD from Perfs 10148-60' |
| 10/30/2003 | Forest Oil Corporation | Producing Gas Well | |
| 10/3/2005 | Forest Oil Corporation | Plugged and Abandoned | |

Gaktry Operator History 00039

SCANNED
JAN 1 5 2009

<u>LDNR Serial Number 970099</u>

**Current Status:  Plugged and Abandoned SWD Well**

Permit #:
Permit Date:  10/13/1967
Operator:      Cenard Oil & Gas
                    922 Americana Building
                    Houston, TX 77002
Well Name:   Houma Unit SWD # 1
Location:      2795' S 82 deg 10 min E of NW/C Section 8, T17S, R17E
Spud: ?/?/?    Comp: ?/?/?
SWD Well:  Through Perfs 650-700'

**Plugged and Abandoned:  4/13/1971**

Note:  No Completion Report in File.  Also, this well is not on subject lands, but lies 25' W of the property line of said lands.  See letter from Cenard to LDNR.

SCANNED
MAN 1 5 2009

Location Plat



Gaidry Operator History 00041

SCANNED
JAN 15 2009

Operator History of LDNR Serial Number 970099

| Date | Operator | Well Status | Notes |
|------|----------|-------------|-------|
| 10/13/1967 | Cenard Oil & Gas | Permitted | |
| ? | UnionOil Company | Drilling | |
| ? | UnionOil Company | SWD Well | Perfs 650-700' |
| 4/13/1971 | UnionOil Company | Plugged and Abandoned | |

JAN 15 2009



CENARD OIL & GAS CO.
REPUBLIC NATIONAL BANK BUILDING
P.O. BOX 446   DALLAS, TEXAS 75222

October 10, 1967

REPLY TO:  CENARD OIL & GAS CO.,
922 Americana Building
Houston, Texas 77002

*To Geo Sur*
*Zone Hor Prior*
*Approval ____*

State of Louisiana
Department of Conservation
Houma, Louisiana

RE:  Houma Unit SWD Well #1
     Houma Field
     Terrebonne Parish, Louisiana

Gentlemen:

As set out in "Application For Work Permit" previously filed with your office, we propose to drill a well for disposal of salt water produced from our Houma Unit "A" #1.  This disposal well name is to be the Houma Unit SWD #1.  The proposed location is 75' from the NE & 20' from the SE line of a 62 acre tract owned in fee by Cenard Oil & Gas Co. or 2795' South 8° 10' East of the NW corner of Sec. 8, T17S, R17E, Terrebonne Parish, Louisiana.

We propose to drill to a depth of 690', set 5 1/2" casing and circulate cement in the annular space behind casing to the surface of the ground. Hole will then be deepened to 700' and 3 1/2" slotted liner set from 640' to T.D. with lead seal between liner and casing; 2 3/8" tubing with a tension packer will be set at 600'.  Water injection will be in the zone from 650-700'.  The amount of salt water to be disposed of is approximately 90 barrels per day.

The proposed disposal zone is being used for disposal by Getty Oil Co. in the following wells:

South Down Sugar SWD #1
South Down Sugar SWD #2
South Down Sugar SWD #3
Eifert Disposal Well #1
A. B. Eifert SWD Well #2 (log in Conservation Department file)

*Approved by Parrio*
*card on File*
*No Letter by Sur___*

Gaidry Operator History 00043
SCANNED
MAR 1 5 2009



Gaidry Operator History 00044

SCANNED
JAN 1 5 2009