UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

C.S. GAIDRY, INC., ET AL.                    CIVIL ACTION

VERSUS                                       NO: 09-2762

UNION OIL CO. OF CALIFORNIA, ET AL.          SECTION: R(3)

**ORDER AND REASONS**

In this property contamination case, defendants' move for summary judgment on the grounds that plaintiffs' claims against the employee defendants are not recognized under Louisiana law.[1] Because the employee defendants cannot be held individually liable for property damage, the Court GRANTS defendants' motion for summary judgment.

**I.   Background**

Plaintiffs Wanda Gaidry, Wilson Gaidry, C.S. Gaidry, Inc. and W.L. Gaidry, LLC own land in the Houma field in Terrebonne Parish, Louisiana. The plaintiffs contracted with several oil companies for certain oil, gas and mineral leases on their property. Plaintiffs assert that, during the terms of the leases, the oil companies' production activities, particularly the disposal and storage of oilfield wastes in unlined earthen

---

[1]  R. Doc. 60.

pits and wells, caused hazardous materials to contaminate the plaintiffs' property.

Plaintiffs sued Union Oil Company of California, Forest Oil Corporation and Chevron U.S.A., Inc. in Louisiana state court.[2] Plaintiffs also named as defendants four individuals who were field supervisors for the oil companies in the Houma field: Howard Dion, Earl Parfait, Leroy Charles and Vincent Trahan (the "employee defendants").[3]  On February 12, 2009, defendants removed the action to this court asserting jurisdiction based on diversity of citizenship.[4]  Plaintiffs moved to remand the case to state court on the grounds that there was not complete diversity of citizenship because both the plaintiffs and the employee defendants were citizens of Louisiana.[5]  On August 27, 2009, the Court denied plaintiffs' motion to remand.[6]  The Court held that because plaintiffs alleged only damage to property, they could not state a claim against the employee defendants and the employee defendants therefore were improperly joined.[7] Defendants now move for summary judgment to give effect to the

---

[2]  R. Doc. 1-1.

[3]  *Id.*

[4]  R. Doc. 1.

[5]  R. Doc. 17.

[6]  R. Doc. 29.

[7]  *Id.* at 5-8.

2

Court's earlier finding that plaintiffs cannot establish a cause of action against the employee defendants.[8]

## II. Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must

---

[8] R. Doc. 60.

come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. Discussion**

Under Louisiana law, an employee is individually liable to a third party for the breach of an employment-imposed duty when the four criteria set forth in *Canter v. Koehring Co.* are satisfied: (1) the employer owes the plaintiff a duty of care; (2) the employer delegates that duty to the employee; (3) the employee, through personal fault, breaches the duty; and (4) the employee has a personal duty towards the plaintiff and a breach of that duty caused the plaintiff's damages. 283 So. 2d 716, 721-22 (La. 1973); *see also Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) (discussing when an employee can be held individually liable under *Canter*). In *Kling Realty Co. v. Chevron USA, Inc.*, the United States Fifth Circuit Court of Appeals held that *Canter* liability extends only to bodily-injury claims and not to property damage. 575 F.3d 510, 515-16 (5th Cir. 2009) ("[T]his court has held that *Canter* liability . . . may only be imposed for bodily injury claims . . . [a]nd [b]ecause the only injury alleged . . . is economic and emotional- damage to its property and various forms of mental distress - [plaintiffs] would not have a basis for recovery against [the employee defendants] under Louisiana law."). In denying plaintiffs' motion to remand in this case, the Court held that the employee defendants were improperly joined and plaintiffs could not state a claim against them because plaintiffs alleged only damage to property.[9]

---

[9] R. Doc. 29 at 7-8.

Because under *Kling* there is no possibility of recovery by plaintiffs against the employee defendants, summary judgment on the claims against the employee defendants is appropriate. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990) ("Because we have already concluded that [defendant] was fraudulently joined, we need not consider appellant's argument on this point further [because] [s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery.").

    Plaintiffs argue that the Fifth Circuit's decision in *Kling* is incorrect and should not be followed. In denying plaintiffs' motion to remand, the Court recognized *Kling* as "precedential and binding on this Court."[10] Further, in denying plaintiffs' motion for reconsideration, the Court rejected the argument that the Court should not follow *Kling* because it was decided incorrectly. The Court stated "[w]hatever the merits of this argument may be, this Court does not sit in review of the Fifth Circuit's decisions."[11] For these same reasons, the Court again rejects plaintiffs' argument. Accordingly, defendants' motion for summary judgment on the claims against the employee defendants is granted.

---

[10] *Id.* at 7.

[11] R. Doc. 42 at 1.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment.

New Orleans, Louisiana, this ___4th___ day of August, 2011.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE